No. 87-176

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

ROBERT BRADFORD,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Keith, Public Defender, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Judy Browning, Asst. Atty. General, Helena
        Patrick L. Paul, County Attorney, Great Falls, Montana
        Antonia Marra & Barbara Bell, Deputy County Attorneys

_____

Submitted on Briefs: Aug. 6, 1987

Decided: September 29, 1987

Filed: SEP 29 1987

_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Defendant, Mr. Bradford, pled guilty to six felony counts relating to sexual abuse of his daughters. In sentencing, the District Court for the Eighth Judicial District, Cascade County, relied upon the recommendations of a psychologist who examined Mr. Bradford. Mr. Bradford appeals. We affirm.

The issue is whether the District Court abused its discretion in refusing Mr. Bradford's request for a second psychological evaluation.

Mr. Bradford was charged by information with sexual assault (3 counts), tampering with witnesses, tampering with physical evidence, and sexual intercourse without consent. On the date scheduled for trial, he pled guilty on all counts. In exchange for Mr. Bradford's guilty pleas, the County Attorney's office agreed to rely upon the sentencing recommendations of the Presentence Report and a psychologist's evaluation, both of which would be prepared after entry of the plea.

Mr. Bradford was examined by Phillip Russell, Ph.D., of the Yellowstone Treatment Program in Billings, Montana. Dr. Russell's report stated that "[i]n the examiner's experience with over 500 cases of sexual abuse, this stands as a hallmark of perversity and degredation." It also stated that Mr. Bradford exhibited almost no remorse for his acts and "is absolutely not amenable to treatment in an outpatient community based program." Mr. Bradford was provided with a copy of the report prior to sentencing.

At the sentencing hearing, the defense moved for a continuance so that Mr. Bradford could obtain a second psychological evaluation at his own expense. The court denied the motion, and sentenced Mr. Bradford to 20 years on each of

2

the sexual assault charges, 10 years on the charges of tampering with witnesses and evidence, and 30 years on the charge of sexual intercourse without consent, all to be served concurrently.

Did the District Court abuse its discretion in refusing Mr. Bradford's request for a second psychological evaluation?

Mr. Bradford argues that because Dr. Russell's report was extremely negative, the District Court abused its discretion when it refused to allow him to obtain another psychological report at his own expense. He also argues that Dr. Russell's report is inherently prejudiced because Dr. Russell saw two of Mr. Bradford's children prior to evaluating Mr. Bradford. His argument on the second point is sketchy, and we note that at the sentencing hearing the attorney for the State said that she believed the children were interviewed after, not before, Mr. Bradford.

Section 46-18-112, MCA, allows a mental examination to be included in a presentence investigation "when it is desireable in the opinion of the court." That section leaves to the district court's discretion the decisions on mental examinations for sentencing purposes. Mr. Bradford has shown nothing that would require a second mental examination in this case. Dr. Russell's report contains extensive quotations from statements by Mr. Bradford's daughters, which Dr. Russell aptly summarizes the statements as descriptions of pornographic sexual abuse spanning a period of approximately 14 years. That the report is highly unfavorable to Mr. Bradford is more a result of the horrifying statements of the children than of any comments by Dr. Russell. Mr. Bradford's lack of remorse about the crimes with which he was charged was demonstrated in his statement to the District Court that "I firmly don't believe that I am the terrible person the

3

doctor portrays me to be, I really don't." The attitude conveyed in that statement when viewed in light of Mr. Bradford's own admissions regarding the crimes abundantly supports Dr. Russell's sentencing recommendation. Further, as the District Court noted, it was the defense which selected Dr. Russell to perform the psychological evaluation.

We conclude that it was within the District Court's discretion to deny Mr. Bradford's request for a second psychological evaluation. Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4